IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## CORNELIUS D. PIERCE v. TOMMY MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 06-CR-8891    R. Lee Moore, Jr., Judge**

**No. W2006-02588-CCA-R3-HC  - Filed May 3, 2007**

The Petitioner, Cornelius D. Pierce, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to comply with the procedural requirements for seeking habeas corpus relief. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. McLin, J., delivered the opinion of the court, in which David G. Hayes and John Everett Williams, JJ., joined.

Cornelius D. Pierce, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

Petitioner Cornelius D. Pierce alleges that, in case number 2002-B-949, he was convicted of burglary of an automobile and sentenced to two years confinement. In case number 2003-D-3045, the Petitioner was convicted of the selling less than one-half gram of crack cocaine, a Class C felony, and received an eight-year sentence as a Range II, multiple offender, to be served on intensive probation. *See State v. Cornelius D. Pierce*, No. M2005-02650-CCA-R3-CD (Tenn. Crim. App.,

1

at Nashville, Oct. 30, 2006), *perm. to appeal denied*, (Tenn. Feb. 27, 2007). He further alleges that, in case number 2005-D-3087, he was again convicted of possession of cocaine with intent to sell. The Petitioner states that the trial court ordered that these sentences be served concurrent to one another. He is currently confined at the Northwest Correctional Complex in Lake County.

On October 30, 2006, the Petitioner filed a petition for habeas corpus relief in the Lake County Circuit Court. As grounds for relief, the Petitioner alleged that the judgments of conviction were void as the trial court had "no jurisdiction or authority to run the sentences concurrently while he was on probation for the burglary sentence." In an order entered November 17, 2006, the lower court summarily dismissed the petition based upon the Petitioner's failure to attach "a copy of any document or legal process which is causing or is the pretense of his restraint or give a satisfactory reason for its absence." The lower court found that "[t]here are no copies of the guilty pleas or judgments attached to the petition. There is no reason given for failure to do so." Due to the absence of the judgments of conviction, the trial court stated that it was unable to "determine from the petition whether or not the petitioner was on bail or parole or simply on probation at the time the other offenses were committed."

On December 5, 2006, the Petitioner filed a motion for reconsideration, stating that the judgments of conviction were attached to the petition for writ of habeas corpus relief. The trial court denied the motion to reconsider on December 11, 2006. In its order, the trial court specifically stated that it had thoroughly reviewed the file. The court noted that the file contained an eight page petition for habeas corpus relief, an inmate trust fund certification balance, and five sheets titles Northwest Correctional Complex Trust Fund. Accordingly, the court concluded that "there are not any other facts within petitioner's motion to reconsider that would change the outcome of the order denying the petition for writ of habeas corpus." The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. *McLaney v. Bell,* 59 S.W.3d 90, 92 (Tenn. 2001), *overruled in part by, Summers v. State,* 212 S.W.3d 251 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn.1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is

2

permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State,* 153 S.W.3d 19-20 (Tenn. 2004). The formal requirements for an application for habeas corpus relief are codified at 29-21-107, Tennessee Code Annotated, and a trial court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements. . . ." *Hickman,* 153 S.W.3d at 21. In the present case, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions. Specifically, the Petitioner failed to include copies of the judgments of conviction under which he claims he is illegally detained. *See* T.C.A. § 29-21-107(b)(2). This reason alone provides adequate justification for the trial court's summary dismissal of the petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____

J.C. MCLIN, JUDGE